# Enslen *v.* Alabama Insane Hospital.

*Action upon Bond Given to secure the Admission of a Paying Patient to Insane Hospital.*

1. *Bond given to Insane Hospital to secure admission of paying patient; signers jointly and severally liable.*—The signers of a bond given for the admission of a person to the Alabama Insane Hospital, as a paying patient (Code of 1886, § 1238), conditioned in accordance with the requirements of the statute prescribing the terms for the admission of paying patients into said hospital, are principals on such bond, so far as the hospital is concerned; and if they fail or refuse to comply with the conditions of said bond, they are each jointly and severally liable for the accruing damages.

APPEAL from the City Court of Birmingham.

Tried before the Hon. W. W. WILKERSON.

This was an action brought by the appellee, the Alabama Insane Hospital, against the appellant, E. F. Enslen, and Catherine McAnally, to recover damages for the breach of a bond, executed by said E. F. Enslen and Catherine McAnally. The condition of the bond, the breach of which is counted upon in the complaint, is sufficiently stated in the opinion. Catherine McAnally pleaded her coverture, and judgment was rendered in her favor on that plea.

The defendant, E. F. Enslen, filed four pleas, and on the trial of the cause, the fourth was withdrawn. The plaintiff's demurrers to the second and third pleas of said Enslen were sustained, and as no question is raised on the ruling on the demurrer to the second plea, that plea is omitted from this statement.

The present appeal presents but on question, and that is whether the plaintiff's demurrer to the plea numbered three, interposed by Enslen, should have been sustained. That plea was as follows: "3. For further answer to said complaint this defendant [E. F. Enslen] says that he was surety upon the said bond named in the complaint and known to the plaintiff to be a surety. That in and by the conditions of said bond it was provided that said McAnally, 'should be constantly supplied with

[Enslen v. Alabama Insane Hospital.]

suitable clothing and that the charges of plaintiff against him should be paid quarterly in advance' ; and defendant says that well knowing that defendant was a surety in said bond, plaintiff violated the said requirement of said bond in that it did not require defendant's co-obligor and principal in said bond to pay its said charge quarterly in advance, wherefore defendant says plaintiff has no right to recover of him the sum sued for.''

The defendant demurred to this plea, among others, upon the following grounds :  ''(1.) Because said plea of the said Enslen does not aver that all the conditions of said bond sued on have been complied with.   (2.) Because said plea is an attempted answer to the entire complaint, and fails to deny the allegations of the complaint, and fails by way of confession and avoidance to set up any fact which shows that the conditions of said bond have been complied with.   (3.)   That the said plea numbered 3 is insufficient in this, that said plea shows, and it is also shown by the complaint to which it purports to be an answer, that the said bond is the joint and several undertaking of each of the makers and signers thereof, and that both were alike and equally bound by the terms of said bond, and that neither of the said signers were as to this plaintiff, a principal obligor therein.   (4.)   Said plea does not show that the said plaintiff for any consideration, gave time or entered into any agreement with the said Catherine McAnally by which the payment of the dues to the said plaintiff quarterly in advance were waived.''   This demurrer to the third plea was sustained.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence, judgment was rendered for the plaintiff against the defendant, E. F. Enslen.   From this judgment the defendant Enslen appeals and assigns as error the rulings of the court in sustaining plaintiff's demurrer to the defendant's third plea.

WARD & CAMPBELL, for appellant.—Enslen was a surety upon the bond sued on.   A surety has the right to stand upon the very terms of his contract, and if a variation is made therein which extends its liability for any other period of time than such as may be included in its words and without his assent, he is discharged.—*Anderson v. Bellenger*, 87 Ala. 334.   If a surety signs an obligation upon the understanding that certain conditions shall be

[Enslen v. Alabama Insane Hospital.]

performed and the creditor knows of these conditions, the surety will not be bound if the conditions are not complied with.—24 Amer. & Eng. Encyc. of Law, 849 ; *Hickok v. Farmer Bank*, 35 Vt. 476.

JAMES E. WEBB, *contra.*

HARALSON, J.—As stated by appellant's counsel, "This appeal presents but one question, that is, whether the plaintiff's demurrer to Enslen's (appellant's) plea No. 3, should have been sustained."

The complaint and the bond therein set out show that the bond was executed by two persons, Mrs. C. McAnally and the appellant, E. F. Enslen, and recites that it was given on account of one Patrick McAnally, admitted into the plaintiff corporation, The Alabama Insane Hospital, as a paying patient, and its condition, as far as necessary to notice was, that the obligors in the bond should constantly supply said Patrick with suitable clothing and pay all charges of the said hospital against him quarterly in advance, while he should remain therein. The breach of the condition of said bond is appropriately averred. The bond seems to have been entirely in accordance with section 1238 of the Code, prescribing the terms for the admission of paying patients into said Hospital. Said Patrick was not a party to the bond and could not, in the nature of things, have been. It was given for and to secure him admission into the Insane Hospital. Both the obligors were principals in the bond, so far as the plaintiff was concerned. If they failed and refused to comply with its conditions, they were, each, jointly and severally liable for the accruing damages. The fact that they executed the bond in behalf of said Patrick and to secure charges against him, made them, as to the hospital, none the less principals in the bond, bound for the performance of its obligations. If they were mere sureties, however, for said Patrick, we fail to see that that fact could make any difference in their liability. There is no averment in the plea, that the plaintiff did anything with any alleged principal in the bond, which operated to release the appellant from his liability.

The defense set up in the third plea was unavailing, and plaintiff's demurrer thereto was properly sustained.

Affirmed.